## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**FREDERICK WHITE,**

      **Plaintiff,**

                                        **Case No. 8:09-cv-1533-T-23TBM**

**v.**

**VERIZON FLORIDA LLC, et al.,**

      **Defendants.**
_____/

**KENNETH PRINCE,**

      **Plaintiff,**

**v.**                                    **Case No.  8:09-cv-1534-T-23TBM**

**VERIZON FLORIDA LLC, et al.,**

      **Defendants.**
_____/

**CLYDE LOCHIN, JR.,**

      **Plaintiff,**

**v.**                                    **Case No.  8:09-cv-1535-T-23TBM**

**VERIZON FLORIDA LLC, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

      THESE MATTERS are before the court on referral from the Honorable Steven D.

Merryday for a Report and Recommendation on the Defendant **International Brotherhood**

of Electrical Workers Local 824 Motion for Sanctions Pursuant to F.R.C.P. 11 and 28

U.S.C. 1927 (Doc. 128) and Plaintiff, Frederick White's response in opposition (Doc. 130) in

Case No. 8:09-cv-1533-T-23TBM; Defendant **International Brotherhood of Electrical**

**Workers Local 824 Motion for Sanctions Pursuant to F.R.C.P. 11 and 28 U.S.C. 1927**

(Doc. 133) and Plaintiff, Kenneth Prince's response in opposition (Doc. 139) in Case No.

8:09-cv-1534-T-23TBM; and Defendant **International Brotherhood of Electrical Workers**

**Local 824 Motion for Sanctions Pursuant to F.R.C.P. 11 and 28 U.S.C. 1927** (Doc. 139)[1]

and Plaintiff, Clyde Lochin, Jr.'s response in opposition (Doc. 142) in Case No. 8:09-cv-

1535-T-23TBM.[2]   Because I conclude that Defendant has not established that the conduct of

Plaintiffs' counsel merits sanctions under Fed. R. Civ. P. 11 or 28 U.S.C. § 1927, I

recommend that IBEW's motions for sanctions be denied.

I.

A brief procedural history is useful.  In July 2009, lawsuits were initiated by

Plaintiffs, Frederick White (White), Kenneth Prince (Prince), and Clyde Lochin, Jr. (Lochin)

(collectively "Plaintiffs"), in three separate complaints filed in state court against their former

---

[1]In each of the three cases Defendant also supplemented its motion with a Declaration setting forth its reasonable attorney's fees incurred.  *See* (Doc. 134 in Case No. 8:09-cv-1533-T-23TBM; Doc. 140 in Case No. 8:09-cv-1534-T-23TBM; Doc. 143 in Case No. 8:09-cv-1535-T-23TBM).

[2]Because the same motion has been filed by Defendant, International Brotherhood of Electrical Workers Local 824 (IBEW), against the respective Plaintiffs in each of the three companion cases and since the basis for the alleged sanctions and the standards for establishing same under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 are the same as to each of the three motions, I find it appropriate to address the motions together.

employer Verizon Florida LLC (Verizon) and the local union, IBEW.[3]  Defendants removed

the cases to Federal court in August 2010.  Pertinent to Defendant IBEW, the complaints each

allege a claim of civil conspiracy.  Defendant IBEW moved to dismiss the civil conspiracy

count for failure to state a claim.  The motions to dismiss the conspiracy counts were denied.[4]

IBEW filed Answers to the respective Plaintiffs' Complaints in November 2009.  The parties

engaged in extensive written and deposition discovery, and in July 2010, IBEW filed its

motions for summary judgment against each Plaintiff.[5]  In support of its motions, IBEW filed

depositions or excerpts of depositions of the three Plaintiffs, as well as Kevin Koeberle and

John Glye.  Plaintiffs filed responses to the summary judgment motions, along with deposition

transcripts of John Glye, Allan Brown, Steve Fortner, Charles Gunn, Kevin Koeberle, Eric

Morin, Edward Wisham, and the three Plaintiffs.  In October 2010, the court granted each of

the Defendants' motions for summary judgment, and the Clerk entered Judgment in favor of

Verizon and IBEW and against the Plaintiffs.  Each Defendant filed a bill of costs and IBEW

filed the instant motions.

By its motions for sanctions, IBEW urges sanctions against Plaintiffs' counsel

arguing that the Plaintiffs have failed to show any evidence of an agreement between Verizon

and IBEW to terminate the Plaintiffs and therefore could not reasonably assert a claim for

civil conspiracy.  Because White was the only witness to the alleged statements between Glye

---

[3]Plaintiffs also sued Defendant International Brotherhood of Electrical Workers AFL-CIO.  That Defendant was dismissed early on in the litigation.

[4]Defendant Verizon had similarly moved to dismiss the conspiracy count against it.

[5]Defendant Verizon also filed motions for summary judgment as to each Plaintiff.

3

and Koeberle and what he heard was too vague and indefinite to suggest a conspiracy, IBEW

argues that the record is devoid of any evidence that the Defendants conspired to terminate

these Plaintiffs.  IBEW urges that sanctions assessed against Plaintiffs' counsel are

appropriate because neither Plaintiffs nor their attorneys could have reasonably believed at the

time of filing the complaints that the complaints were well-grounded in fact.  Defendant notes

that it sent a letter to Plaintiffs' counsel in June 2010 advising them of its intention to pursue

Rule 11 sanctions if the lawsuits were not withdrawn.  One of Plaintiffs' counsel responded to

the letter stating a meritless threat of Rule 11 sanctions can warrant sanctions against the

threatening party and further commenting that this Defendant similarly threatened sanctions at

the motion to dismiss stage which motions were ultimately denied.  Additionally, or

alternatively, Defendant seeks sanctions under 28 U.S.C. § 1927 which allows for the

imposition of personal liability against attorneys and other persons whose conduct

unreasonably and vexatiously multiplies the proceedings in any case.

        In response, Plaintiffs urge that Rule 11 sanctions should only be imposed in limited

circumstances where the frivolous nature of the claims at issue is unequivocal and that such is

not the case here.  Because Plaintiffs' counsel in good faith believed that Plaintiffs had good

faith and reasonable bases to continue litigating their claims for civil conspiracy against

IBEW, Defendant cannot meet its burden of showing that sanctions are warranted and

therefore the motions should be denied.  Counsel urges that pre-suit counsel for Plaintiffs

conducted an investigation and had a reasonable factual basis for filing the complaints on

behalf of these Plaintiffs.  Specifically, Plaintiffs allege that Frederick White overheard a

4

conversation between Kevin Koeberle, area manager for Verizon, and John Glye and Allan Brown, union stewards for IBEW, agreeing to select employees for termination because the facility was having timekeeping issues and they needed examples. Their investigation revealed that the Brandon facility where the three Plaintiffs worked was racially hostile to African-Americans, and that these Plaintiffs were treated with racial hostility by Glye and Brown. At around the same time, these three African-American Plaintiffs were investigated and terminated for alleged time-keeping issues. The Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and a determination was reached on each charge that cause existed that racial discrimination occurred against the three Plaintiffs. In addition to interviewing the Plaintiffs, counsel reviewed their EEOC files as well as other documents associated with the termination of the Plaintiffs. Based on counsel's investigation, there was a good faith belief to file the Complaints alleging a civil conspiracy between Verizon and IBEW to unlawfully target and wrongfully terminate these Plaintiffs based on their race. Throughout the discovery process, Plaintiffs' counsel similarly investigated and gathered evidence in support of their clients' claims of civil conspiracy through deposition testimony. Plaintiff White testified to the conversation he overheard. Edward Wisham, former manager at Verizon, testified that such an occurrence of three African-Americans being terminated on the same date is a rare occurrence, which counsel suggest evidences a plan to terminate these three Plaintiffs. Plaintiffs also contend that IBEW union representatives did not properly support the interests of Plaintiffs Prince and Lochin at the investigatory meetings given that Glye admitted to not having reviewed the accuracy of

the investigatory materials.  Based on this testimony, Plaintiffs and their counsel concluded

that IBEW stewards were not working in the best interest of African-Americans being

investigated.

II.

Federal Rule of Civil Procedure 11 provides, in pertinent part, that:

> By presenting to the court a pleading . . . an attorney or unrepresented party certifies
> that to the best of the person's knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass,
> > cause unnecessary delay, or needless increase in the cost of litigation;
> > (2) the claims, defenses, and other legal contentions therein are warranted by
> > existing law or by a nonfrivolous argument for extending, modifying, or
> > reversing existing law or for establishing new law;
> > (3) the factual contentions have evidentiary support or, if specifically so
> > identified, will likely have evidentiary support after a reasonable opportunity
> > for further investigation or discovery; . . .

Fed. R. Civ. P. 11(b).  If a court determines that Rule 11(b) has been violated, appropriate

sanctions *may* be imposed against the attorney, law firm, or party that violated the rule or is

responsible for the violation.  *See* Fed. R. Civ. P. 11(c)(1).

The Eleventh Circuit has stated, "Rule 11 sanctions are designed to 'discourage

dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous

claims or defenses.'"  *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (quoting

*Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc)).  Such sanctions "'may

be imposed for the purpose of deterrence, compensation and punishment.'"  *Id.* (quoting

*Aetna Ins. Co. v. Meeker,* 953 F.2d 1328, 1334 (11th Cir. 1992)).  "[T]hree types of conduct

warrant imposition of sanctions under Rule 11: (1) when a party files a pleading that has no

6

reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Didie*, 988 F.2d at 1104 (quoting *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.), *cert. denied*, 502 U.S. 855 (1991)).  An objective standard of reasonableness governs whether a Rule 11 violation has occurred.  *Id.*  "In assessing the propriety of Rule 11 sanctions, [the court] asks: '(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous.'" *Peer v. Lewis*, 606 F.3d 1306, 1313 (11th Cir. 2010) (quoting *Bryne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001)).

Similarly, the purpose of 28 U.S.C. § 1927 is "'to deter frivolous litigation and abusive practices by attorneys. . . and to ensure that those who create unnecessary costs also bear them.'" *O'Rear v. Amer. Family Life Assur. Co. of Columbus, Inc.*, 144 F.R.D. 410, 413 (M.D. Fla. 1992) (quoting *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485 (7th Cir. 1989).  Section 1927 expressly provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  "[T]he plain language of the statute imposes three essential requirements for an award of sanctions under § 1927: First, the attorney must engage in 'unreasonable and vexatious' conduct.  Second, that 'unreasonable and vexatious' conduct must be conduct that

'multiplies the proceedings.'  Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the 'costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"  *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997)).  "An attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong*, 500 F.3d at 1239 (quoting *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991)).  Here, too the standard is an objective one. *Amlong*, 500 F.3d at 1239-40.

III.

By my consideration, sanctions are inappropriate in these cases under both Rule 11 and § 1927.  In the Orders granting summary judgment in favor of Defendant IBEW and against each of the Plaintiffs on their civil conspiracy claims, the court concluded that the Plaintiffs failed to show the existence of a genuine issue of material fact preventing summary judgment on the claims.  The basis for each ruling was the district judge's finding that, "[n]o reasonable inference of intentional discrimination against [Plaintiffs] could arise (without more) from the evidence of (1) White's overhearing Glye and Koeberle's conversation; (2) Glye's and Brown's participating in Lochin's and Prince's meetings with Verizon management; (3) Glye and Brown's accepting as true the evidence against Lochin and Prince; (4) Brown's instructing [Plaintiff] not to associate with other employees under investigation for misconduct; and (5) the temporal proximity of Lochin's, White's, and Prince's

8

terminations.  In fact, the evidence could just as easily support an inference that Lochin, White, and Prince contemporaneously engaged in misconduct warranting discipline and termination."[6]  Even in light of these findings, nothing in the Orders suggest conduct by counsel, much less findings by the court, sufficient to warrant the sanctions here sought.

Defendant urges that sanctions against Plaintiffs' counsel are warranted because counsel could not have held a reasonable belief that a civil conspiracy existed given the dearth of evidence to support a conspiracy theory.  To the contrary, IBEW filed grievances on behalf of Plaintiffs, Prince and Lochin, after their termination which destroys any inference that Defendant was conspiring to have Plaintiffs terminated since it would make no sense to grieve their terminations after conspiring to terminate them.  By this argument, the absence of counsel's bad faith does not preclude imposition of sanctions.[7]  While such argument as to the deficiency of the facts carried the day on summary judgment, it alone is insufficient to satisfy the applicable standards for awarding sanctions against Plaintiffs' counsel.

Given the benefit of hindsight, a review of the entirety of these cases demonstrates that Plaintiffs' claims for civil conspiracy were weak and subject to doubt.  And undoubtedly, some plaintiff's attorneys would have avoided bringing the claims.  Nonetheless, a review of the whole of the Plaintiffs' presentations leads to the conclusion that the claims were not objectively frivolous and IBEW makes no showing of conduct by counsel so egregious as to

---

[6]*See* (Doc. 126 at 13-14) in Case No. 8:09-cv-1533-T-23TBM; (Doc. 131 at 14) in Case No. 8:09-cv-1534-T-23TBM; (Doc. 134 at 13) in Case No. 8:09-cv-1535-T-23TBM. Although not identical, the findings are, in essence, the same in all three orders.

[7]Defendant cites *Donaldson v. Clark*, 786 F.2d 1570 (11th Cir. 1986) and *Pierce v. Commercial Warehouse*, 142 F.R.D. 681 (M.D. Fla. 1992).

be tantamount to bad faith. The court's conclusion that the evidence was insufficient to merit a trial does not alter this conclusion.

Accordingly, I recommend that International Brotherhood of Electrical Workers Local 824 Motion for Sanctions Pursuant to F.R.C.P. 11 and 28 U.S.C. 1927 (Doc. 128 in Case No. 8:09-cv-1533-T-23TBM); Defendant International Brotherhood of Electrical Workers Local 824 Motion for Sanctions Pursuant to F.R.C.P. 11 and 28 U.S.C. 1927 (Doc. 133 in Case No. 8:09-cv-1534-T-23TBM); and Defendant International Brotherhood of Electrical Workers Local 824 Motion for Sanctions Pursuant to F.R.C.P. 11 and 28 U.S.C. 1927 (Doc. 139 in Case No. 8:09-cv-1535-T-23TBM) be **denied**.

Respectfully submitted on this
10th day of February 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
Honorable Steven D. Merryday, United States District Judge
Counsel of Record